CHILDS, SANFORD & CO. v. JOHN HYDE & CO.

1. MISJOINDER OF PARTIES. The administrator of a deceased partner can not be joined with the surviving partners, as a defendant in an action on the obligations of the firm.
2. SURVIVING PARTNER. When a partner dies pending an action against the co-partnership, the action may be continued against the survivors. Section 1698, Code of 1857, does not apply to actions against firms.

*Appeal from Polk District Court.*

SATURDAY, JANUARY. 14.

THE suit was against John Hyde & Co., a firm composed of

John Hyde, John Bryant and W. A. Scott. The notice was served on Hyde, and at the August term, 1858, defendants filed their answer to the petition. Scott one of the partners having departed this life, a notice was served on his administrators that they were made parties to the suit as such administrators, and unless they appeared at the August term of the District Court 1859, and answer the petition, judgment would be taken against them by default. The said administrators appeared and moved the court to quash this notice for the reasons : 1st. That no order of court had been made allowing the suit to be continued against them. 2d. That they were not parties to the suit. This motion was overruled. The plaintiffs afterwards filed an amended petition setting forth the partnership, the execution of the note, the names of the partners ; the institution of the suit against them ; the death of Scott one of the partners ; that his administrators had been served with notice and been made parties to the suit, and making Hyde & Bryant (the surviving partners,) parties by their individual names, and praying judgment against them as individuals, and also against the administrators of W. A. Scott.

The latter demur to the petition and amended petition for the reasons : 1st That Scott had not been made a party to the suit in his life time, neither by name as defendant nor by having been served with notice. 2d. That they are wrongly joined as defendants with the surviving partners. 3d. That the suit could not be continued against them as administrators of the deceased partner, while the other defendants, alleged to be copartners, and co-obligors are surviving. The demurrer was overruled and the cause submitted to the court for trial. Judgment was rendered against the defendants for the amount found due on the note, and an order made for the sale of real estate attached, at the commencement of the suit, as the property of Hyde, one of the partners ; and a further order that if the property attached should be insufficient to satisfy the judgment, that a general execution issue against the defendants Bryant & Hyde ; and that

the judgment against the administrators of Scott be entered by said administrators as a claim against the estate of their intestate.

The administrators of Scott appeal to this court.

*M. D. & W. H. McHenry* for the appellant, contended that a suit can neither be commenced nor revived against the administrator of a decedent who was a co-obligor, citing 1 Chit. Pl. 39, 40; 2 Stephens N. P. 1896; and commenting on section 1698 of the Code of 1851.

*C. C. Nourse* for the appellee, cited Coll. on Part. section 580; *Hunt* v. *Whitney,* 4 Mass. 622; *Mellen* v. *Baldwin,* Ib. 480.

STOCKTON, J.—The action could not be continued against the administrators of Scott as defendants jointly with the surviving partners, and the motion of the administrators to quash the notice, and their demurrer to the petition should have been sustained.

It was not competent for the plaintiff to join the administrators of the deceased partner with the surviving partners and pray a judgment against both in the same suit. The judgment against them is in different rights; against the surviving partners it must be a judgment *de bonis própriis;* against the administrators it must be a judgment *de bonis testatoris.* Both these judgments can not be rendered in the same suit. There is no more authority for such a proceeding since, than there was before the taking effect of the Code.

The section of the Code to which reference is made by the appellee (section 1698) does not apply to an action against a partnership firm when one of the partners dies pending the suit. The surviving partners are the representatives of the firm, and it is against them that the suit is to be continued. It is, moreover, to be considered that the plaintiffs attain the same end by a judgment against the surviving partners as by a judgment against the administrators of

Childs, Sanford & Co. v. John Hyde & Co.

the deceased partner.    The judgment against the survivors binds the partnership property and is conclusive on all the members of the firm.    A judgment against the administrators could only be filed with the County Court as a claim against the estate of Scott.    Code, sections 1362, 1368.

The form in which the judgment against the administrators was rendered was erroneous.    But as the remarks above made are decisive of the question material to the appellants, and urged by the assignment of errors, nothing further need be said.    The judgment against the administrators of Scott is reversed.

Judgment reversed.