ROBERT E. PECKER & CO. V. CANNON AND SCOTT'S AD-
MINISTRATORS.

1. JOINDER OF PARTIES: ADMINISTRATORS. Where one of the makers
of a joint and several promissory note dies pending an action thereon,
his administrators can not be substituted and joined with the sur-
viving maker as a party defendant; citing and following *Childs, San-
ford & Co.* v. *John Hyde & Co.* 10 Iowa 294; *Wapello County* v. *Bigham
Adm'r,* Ib. 39.

*Appeal from Polk District Court.*

SATURDAY, OCTOBER 6.

PLAINTIFF sues upon a joint and several promissory note
made by Cannon and Scott. Pending the action, Scott de-
parted this life. His administrators were notified of the
pendency of the action, and such proceedings were had as
that, against their objection, judgment was rendered against
Cannon, and Goodrell and Scott "Administrators of the
Estate of W. A. Scott deceased." It was also ordered that
an execution issue against Cannon, and that a transcript of
this judgment be filed at the office of the County Judge as
an adjusted claim against the estate of W. A. Scott deceased.
From this proceeding the administrators appeal.

*M. D. & W. H. McHenry* for the appellants, relied upon
*Childs, Sanford & Co.* v. *John Hyde & Co.* 10 Iowa 294.

*Wilson T. Smith* for the appellee.

WRIGHT J.—It was erroneous to substitute the adminis-
trators and continue the action as to them. The action
then pending remained against Cannon but it was improper-

to unite with him defendants liable in a different capacity and against whom a different judgment, if any, would have to be rendered. The fact that the note was joint and several does not take the case out of the rule recognized in the case of *Childs, Sanford & Co.* v. *John Hyde & Co.*, 10 Iowa 294. And see *Wapello County* v. *Bigham, Administrator* Ib. 39; *Fink & Co.* v. *Taylor's Administratrix*, 4 G. Greene 196.

Judgment reversed.