## Marsh v. Goodrell and Scott, Administrators.

1. REVIVOR.   One of the makers of a joint and several promissory note died pending an action against all of the makers.   *Held*, that the action could not be revived against the administrators and the surviving maker; following *Childs, Sanford & Co.*, v. *John Hyde & Co.*, 10 Iowa 294, and *Pecker* v. *Cannon and Scott's Administrators*, *ante*.

*Appeal from Polk District Court.*

MONDAY, APRIL, 15.

THIS was a suit upon a joint and several promissory note, signed by W. A. Scott and others.    Scott in his life time, with the other defendants, filed their answer to the claim of plaintiff.    Before judgment Scott died, and by order of court, the suit was revived as against his administrators· The administrators moved to dismiss the cause as against

them, for the reason that plaintiff could not prosecute this suit against them jointly with the other defendants. This motion was overruled and judgment was rendered against the surviving makers of the note jointly, and a separate judgment as against the appellants as administrators. From this ruling and judgment the administrators appeal.

M. D. & W. H. McHenry for the appellants.

Cassady, Crocker & Polk for the appellee.

BALDWIN, J.—Upon the ruling of this court in the cases of Childs, Sanford & Co., v. John Hyde & Co., 10 Iowa 294, and Pecker v. Cannon and Scott's Administrators, ante, this cause must be reversed.

We cannot see the distinction between the case of Pecker v. Cannon and Scott's Administrators, and the one now before the court. The former was commenced after Scott's death, the latter prior to his decease. This does not change the relation of the parties. Those cases were decided upon the principle that the suit could not be prosecuted against the administrators jointly with the survivors.

The motion should have been sustained.

Judgment reversed.