BARLOW AND TOWNSEND v. SCOTT'S ADMINISTRATORS, *et al.*

### I.

1. PARTIES: JOINDER. The administrator of a joint and several maker of a promissory note can not, in an action thereon, be joined as a defendant with the other co-makers of the note; following *Childs, Sanford & Co.* v. *John Hyde & Co.*, 10 Iowa 294; and *Pecker & Co.* v. *Scott's* Administrators, Ib. 20.
2. APPEAL: CO-PARTIES. Where one of several parties appeals to the Supreme Court from a judgment of the District Court, and serves notice of such appeal upon his co-parties, they may join therein and avail themselves of all the benefits arising therefrom.

### II.

1. PROMISSORY NOTE: DEFENSE. The consideration of a promissory note may be inquired into as a defense to an action thereon, if the plaintiff takes it, even for value, after it is due.
2. SAME: STATUTE CONSTRUED. This general rule is not changed by the provisions of § 15 of chapter 45 of the Laws of 1855; and the fact that the consideration of a note was intoxicating liquors, sold in violation of said chapter, may be pleaded as a defense to an action thereon by an indorsee, or assignee, who took it after maturity.

*Appeal from Polk District Court.*

TUESDAY, JUNE 10.

THIS action was brought upon a negotiable promissory note, dated December 16th, 1857, due six months after date and assigned to plaintiffs, May 26, 1859. The cause was submitted to the court, when the following facts were found: "The consideration of the note was intoxicating liquors sold by the county judge of Polk county, without any authority; the purpose for which the sale was made, was illegal; the assignees had no notice of this illegality, at the time of the sale, and as the note was negotiable at the time, they could not be affected by the character of the consideration." Judgment for the plaintiffs, against all of the defendants. Scott's Administrators appeal, and the other

defendants asked leave to join in the appeal, and be heard on the trial.

*McHenrys* for appellant.

*John Mitchell* for appellee.

WRIGHT, J.—I. Following *Childs, Sanford & Co.* v. *Hyde & Co.*, 10 Iowa 294, and *Pecker* v. *Scott's Administrators*, Ib. 20, we hold that the court erred in overruling the motion of the administrators.

II. The action was brought against Scott's Administrators, and two others. The latter answered, upon which issue was joined. Trial by the court, and judgment for the plaintiffs. Scott's Administrators appeal, serving notice thereof on their co-defendants. The defendants thus served now come into this court, acknowledge this service, and ask leave to file an assignment of errors, and to be heard on the trial, to which appellees object.

The law, we think, clearly gives them this right. A part of several co-parties may appeal, serving notice thereof upon those joined with them in the action, and filing proof of the same with the clerk of this court. If those thus served refuse to join, they can not take an appeal afterwards, nor can they, unless from the necessity of the case, derive any benefit therefrom. Unless however, they appear and decline to join, they shall be regarded as having joined, and be liable for their due propotion of the costs. (Code §§ 1979–81.) When they do, however, as in this case, join in the appeal, it seems to us that they are entitled to all the benefits of it. Where they do not join, then they are only benefitted when the necessity of the case gives it to them. If they do join, however, they stand in the same position as if they had united in the appeal in the first instance, and may assign errors and be heard. The motion is sustained, therefore, and the cause retained on the docket, as to all the defendants until all the parties are heard.

Barlow and Townsend v. Scott's Administrators, et al.

After further argument by counsel, the following opinion, finally disposing of the case, was delivered:—

TUESDAY, JUNE 19.

WRIGHT, J.—The consideration of a promissory note may be inquired into, as a defense to an action brought thereon, if the plaintiff takes it, even for value, after it is due, for it is then dishonored and he holds it subject to all the equities which properly attach thereto between the antecedent, or immediate parties. Story on Prom. Notes, § 190, note 4 and authorities there cited. *Bates* v. *Kemp, infra.* Such a note is assignable but not negotiable. *Andrews* v. *Pond,* 13 Pet. 79.

But we are referred to § 15, chapter 45, Laws 1855, which after expressly declaring that all sales and securities of every kind or description, made for, or on account of intoxicating liquors sold in violation of the act, shall be utterly null and void; that no right shall be acquired thereby, and that no action shall be maintained for the value of intoxicating liquors so sold; then enacts that nothing therein contained shall affect, in any way, negotiable paper in the hands of *bona fide* holders for a valuable consideration, without notice of any illegality in its inception or transfer. This section makes no change in the rule of the common law, as applicable to the *bona fide* assignee. But the assignee of such a note, who takes it after maturity, is the holder of dishonored paper, to the same extent, and in the same sense as if the consideration had been any thing else; and being such it is a contradiction of terms to say that he could take it *bona fide.* Aside from some special circumstances, he who purchases over due paper, takes it as the original payee held it. It ceases to be negotiable, and the holder is not protected from an inquiry into the consideration, whether he had notice thereof or not, and whatever the consideration paid for it by him. This statute was not designed to afford protection to such a holder.

The act of 1857, chapter 157, p. 231, was not intended to legalize sales by the agents made in violation of the act of 1855, or of that act. The 10th section only gives them authority to sell any liquors on hand, according to the provisions of the prior law. The sale in this instance was not thus made, but it was expressly found by the judge below to have been made in violation of the law.

Reversed.