## WALKER DRILLING CO. et al. v. CARLEW DRILLING CONTRACTORS.

No. 13978—Opinion Filed March 10, 1925.

1. **Partnership—Death of Partner—Effect on Pending Action.**

Where suit is pending against a partnership, the death of one of the partners operates to dissolve the partnership under section 8131, Comp. Stat. 1921, and the action should then proceed against the surviving partners.

2. **Executors and Administrators — Action on Claim—Necessity for Presentation of Claim and Disallowance.**

The plaintiff failed to state a cause of action against the administratrix of the estate of W. M. Truitt, deceased, as it did not file a supplemental or amended petition pleading the presentation of the claim to the administratrix and its disallowance. The administratrix did not seek affirmative relief against the plaintiff, which distinguishes the instant suit from the case of Coleman v. Bowles, 72 Okla. 313, 181 Pac. 304.

3. **Contracts—Written Contract not Altered by Unexecuted Oral Agreement.**

Section 5081, Comp. Stat. 1921, provides that a contract in writing may be altered by contract in writing, or by an executed oral agreement and not otherwise. The plaintiff cannot rely upon an oral agreement for the payment of a sum of money less than that provided for by the written contract for the performance of an act, unless the sum of money has already been paid to and accepted by the defendant under the oral agreement. Section 5064, Comp. Stat. 1921, defines an executed contract as one the object of which is fully performed. All other contracts are executory.

4. **Judgment not Sustained.**

Record examined; held, to be insufficient to support judgment for the plaintiff.

(Syllabus by Stephenson, C.)
Commissioners' Opinion, Division No. 4.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Carlew Drilling Contractors against the Walker Drilling Company, a partnership, et al., for damages based upon the breach of a drilling contract. Judgment for plaintiff. Defendants appeal. Reversed

McKeever, Moore & Elam, for plaintiff in error Bertha M. Truitt.

Dyer & Keim, for plaintiffs in error.

Simons, McKnight & Simons, for defendant in error.

Opinion by STEPHENSON, C. The Carlew Drilling Contractors, a corporation, owned a certain oil and gas lease in Garfield county. The latter entered into a drilling contract with the Walker Drilling Company, a copartnership composed of several persons, to sink an oil and gas well on the leased premises. A written contract was entered into between the parties, setting forth the terms and provisions of the contract in detail. Among the numerous provisions of the contract are the following: (1) That a certain sum of money should be paid by the plaintiff to the defendants as rental on casing to be furnished by the defendants; (2) the defendants were to be paid $5 per lineal foot for the drilling of the well.

The plaintiff alleged an oral modification of the two provisions and the breach of the oral modifications, as the basis for its action against the defendants for the breach of the written contract. The plaintiff alleged that the defendants agreed to accept a portion of its corporate stock as rental

payments for the casing, in lieu of the sum of money agreed upon in the contract. The plaintiff alleges that it has been willing and able at all times to deliver the stock to the defendants in payment of the casing rental, but the defendants have not demanded it. The plaintiff alleges that an oral agreement was entered into between the plaintiff and defendants whereby the defendants agreed to drill a certain number of feet for a sum less than that stipulated by the written contract. The defendants denied making the oral agreement in either instance, and refused to accept the corporate stock of the plaintiff or to drill the well for the sum of money which the plaintiff alleges was orally agreed upon between the parties. Thereupon the plaintiff declared a breach of the contract on the part of the defendants and commenced its action against the defendants for damages. The defendants demurred to plaintiff's petition on the ground that plaintiff was attempting to recover upon the breach of an unexecuted oral agreement pleaded as a modification of the terms of the written contract. The demurrers were overruled over the exception of the defendants. M. W. Truitt, one of the defendants and a partner, died in the meantime and the action was revived in the name of Bertha M. Truitt, as administratrix of the estate of the deceased. The plaintiff did not present the claim set forth in the action to the administratrix for allowance. The administratrix filed her general denial and did not question the right of the plaintiff to recover in the action on the ground of its failure to present the claim to her for allowance. Judgment went against the defendants and in favor of the plaintiff for $3,875 in the trial of the cause. The defendants have appealed the cause to this court and have assigned several of the proceedings had in the trial court as error for reversal here: (1) The overruling of the general demurrer to the plaintiff's petition; (2) the failure of the plaintiff to present the claim to the administratrix of the estate of M. W. Truitt, deceased, for allowance; (3) that the judgment went against the partnership and members of the partnership; (4) error of the court in permitting the plaintiff to recover upon an executory oral contract pleaded as a modification of the written contract; (5) the judgment is contrary to the evidence; (6) judgment is contrary to the law.

The wholesomeness of the rule that a written contract may not be modified by an executory oral contract is particularly apparent in this case. The written contract consists of some eight typewritten pages and apparently would cover every problem that might arise in the sinking of an oil and gas well. There are numerous obligations and duties assumed by the terms of the contract between both parties in connection with the drilling of the well. It would be unusual for the contract to be completed without controversy, in view of the numerous duties and obligations assumed between both parties, in connection with the performance of the contract if it rests upon oral agreement. It is not probable that two persons might cover the same terms and provisions as are embodied in the written contract by oral agreement and each receive the same understanding and impressions. The written contract apparently covers every difficulty which might be met in the course of its completion if the parties are confined to its written terms. We do not think the parties will meet any difficulty in settling their problems if they are confined to the written terms. We think this is a proper case for applying the rule that executory oral contracts will not be permitted to modify written agreements. The executed oral agreement which may be proved for the purpose of altering a previously written contract must consist in the doing or the suffering of some thing not required to be done or suffered by the terms of the writing. McKinzie v. Hodgekins (Cal.) 59 Pac. 36; Jones v. Longerbeam (S. D.) 119 N. W. 1000; Share v. Coats (S. D.) 137 N. W. 402. The rent must have been due on the casing and the stock delivered to and accepted by the defendants to constitute an executed oral agreement, so as to modify the written contract. So long as the sum of money is not paid to and accepted by the defendants the alleged terms of the oral agreement remain in sharp dispute between the parties. The plaintiff alleges an oral agreement with the defendants that the latter agreed to drill a given number of feet for a less compensation than that agreed upon in the written contract. This oral agreement remained entirely executory upon the part of both the plaintiff and defendants. The plaintiff pleads a breach of the two executory oral modifications as a breach of the written contract to drill the well by the defendants. The plaintiff neither pleaded nor proved a cause of action against the defendants for the breach of the written contract, as the oral modifications of the written contracts were entirely executory. Harloe v. Lambie, 132 Cal. 133, 64 Pac. 881; Pearsall v. Henry (Cal.) 95 Pac. 154; Apking v. Hoefer (Neb.) 104 N. W. 177; Maises v. Cartwright, 43 Okla. 737, 144 Pac. 375; Neverman v. Bank of Cass County, 14 Okla. 471. 78 Pac. 382;

Baker v. Haswell and Taylor, 36 Okla. 429, 128 Pac. 1086.

It appears from the evidence that when one of the rentals became due on the casing, the defendant accepted Liberty Bonds at par value for payment. The acceptance by the defendant of a different medium of payment from that provided for by the contract for some given period, for rental on the casing, cannot have a bearing upon the indebtedness due for some other period of time. The acceptance of the Liberty Bonds in payment of a certain given indebtedness became an executed oral contract in relation to the payment of the particular indebtedness, and has no relation to any sums of money due for which the defendants had not accepted payment. The plaintiff must pay according to its written agreement in relation to unpaid rentals. Share v. Coats, 29 S. D. 614, 137 N. W. 402.

The administratrix of the estate of M. W. Truitt, deceased, attacks the judgment rendered against her because the claim was not presented to her for allowance after the the cause of action was revived against the personal representative. Personal service was had upon M. W. Truitt in the cause. The administratrix filed a general denial and did not question the right of the plaintiff to recover on the ground that the claim had not been presented to her for allowance. The administratrix contends that the death of Truitt operated to dissolve the partnership, and that the plaintiff could not have judgment against her as administratrix until the claim was first presented to her and disallowed. The other defendants contend that the death of Truitt dissolved the partnership and that it was error to render judgment against the partnership.

The death of M. W. Truitt operated to dissolve the partnership under the provisions of section 8131, Comp. Stat. 1921. The surviving partners, after the dissolution of the partnership, succeeded the partnership in the control and management of the assets. Judgment on the liability of the dissolved partnership should go against the surviving members. White & Smith v. Dillinger, 50 Okla. 555, 151 Pac. 194.

The liability of the partners under the common law was joint and not several. Northern Ins. Co. v. Potter, 63 Cal. 157; McLain v. Carson (Ark.) 37 Am. Dec. 777. Consequently, when a partner dies the creditors have one debtor less. Fogarty v. Cullen, 49 N. Y. Sup. Ct. 398; Gleason v. White, 34 Cal. 258; Emanuel v. Baird (Ala.) 54 Am. Dec. 200. The common-law rule has been modified in several of the states by statute,

so as to make the partners jointly and severally liable for the debts of the partnership, Emanuel v. Baird, 54 Am. Dec. 200. Section 8126, Comp. Stat. 1921, so modified the common-law rule as to make the partners jointly and severally liable for partnership obligations, but this modification does not authorize the court to render judgment against the partnership after the dissolution of the partnership by the death of one of the partners. The creditor may look to the estate of the decedent for his debt, under the modified rule, in the same manner as other claimants against the estate. However, this right does not authorize the plaintiff to proceed against the surviving partners and the personal representative of the deceased partner in the same action. The liability of the surviving partners and that of the personal representative flow from different sources, and the joining of the surviving partners with the personal representative of the deceased constitutes a misjoinder of causes of action. Childs v. Hyde, 10 Iowa, 294, 77 Am. Dec. 113. However, the administratrix did not raise the question of misjoinder of causes of action in the trial of the cause.

The claim of the plaintiff, if meritorious, is a provable claim under the provisions of sections 1234, 1235. Morse v. Steele, 149 Cal. 303, 86 Pac. 693.

The plaintiff revived the action in the name of the personal representative of the deceased. The plaintiff did not file a supplemental or amended petition showing that the claim had been presented to the administratrix and disallowed. The burden was on the plaintiff to both plead and prove the presentation of the claim to the administratrix and its disallowance within the statutory period of time; it did not do either. The administratrix filed a general demurrer to the petition which was overruled by the court. The administratrix objected to the introduction of testimony in the cause against her for the reason that the petition failed to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, which the court overruled. The court committed error in both instances. Crowe and Co. v. Adkins Const. Co. (Wash.) 121 Pac. 841. Thereafter, the administratrix filed general denial in the cause. The defendant did not seek relief against the plaintiff on a counterclaim. The instant case is distinguished from the case of Coleman v. Bowles, 72 Okla. 313, 181 Pac. 304, as in the latter case the administrator sought affirmative relief in the action. The petition of the plaintiff failed to state a

cause of action against the administratrix on account of the omission to plead material facts, upon which its recovery depended against the administratrix.

It is recommended that the judgment be reversed and remanded for new trial in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 30 Cyc. pp. 568, 653; (2) 24 C. J. p. 843; (3) 13 C. J. p. 594.