## SAAB v. CLAWSON.

No. 19279.   Opinion Filed Sept. 17, 1929.

E. L. Kirby and T. M. Markley, for plaintiff in error.

W. O. Rittenhouse, for defendant in error.

DIFFENDAFFER, C. Defendant in error was plaintiff below and plaintiff in error was defendant. They will be so referred to herein.

Plaintiff commenced this action to recover the sum of $307.84, alleged to be a balance due upon a promissory note for $1,000 executed and delivered by defendant and one J. W. Hensley to Maude Clawson and sold

and assigned before maturity to plaintiff. The petition was in the usual form. Defendant answered by general denial, admitting the execution and delivery of the note by himself and J. W. Hensley. He denied that he became personally liable for more than one-half of the note; that the note in question was given in payment for the assignment of a certain oil and gas lease, and that, at the time of the execution of the note by him, it was expressly agreed and understood by the makers of the note and plaintiff that the note would be paid by defendant and Hensley in equal share, to wit. $500, and neither was to be liable for more than that amount, and said F. O. Clawson then and there agreed that the note was to be a severable obligation of defendant and his comaker and not a joint and several obligation. He then pleaded that, on the 6th day of December, 1922, defendant paid his one-half of the note to plaintiff, F. O. Clawson, and that plaintiff thereupon agreed again to release defendant, and did by the acceptance of said sum release him from any further obligation upon the note, and promised to erase and remove defendant's signature therefrom.

Plaintiff replied by general denial.

The note is in form a joint and several negotiable note, and provided for a reasonable attorney's fee if suit should be brought thereon.

At the trial, defendant sought and offered to prove the alleged agreement and understanding between the parties, that the note was to be a separate obligation of the makers and that each maker was to be liable for one one-half thereof. Plaintiff objected to this evidence and offer of proof as being incompetent, irrelevant and immaterial and an attempt to vary the terms of a written contract by parol evidence. This objection was sustained, and defendant then introduced in evidence his canceled check showing payment to plaintiff of $500.50 on December 6, 1922.

Defendant then offered to prove that, on December 6, 1922, when the payment was made on the note by him, plaintiff agreed that as a consideration for said payment, plaintiff would wholly release and discharge defendant from any further obligation on the note. This offer and tender of proof was objected to by plaintiff as incompetent, irrelevant and immaterial, and that no consideration for the agreement was shown, and for the further reason that the statute specifically provides how a promissory note may be paid, and such an agreement would not comply therewith. This objection was sustained, and defendant rested.

The parties thereupon stipulated that $50 would be reasonable attorney's fee. Thereupon plaintiff moved the court to direct a verdict for plaintiff for the amount sued for with interest and $50 attorney's fee. This motion was sustained, and a verdict in accordance therewith was returned.

Defendant presents as error the rejection of the evidence offered as stated above, but in his brief says:

"Saab pleads certain contemporary conditions which would operate to vary the terms of the note, but we do not, of course, base this appeal thereon, but rather upon the fact that Saab also pleads that about six months subsequent to the making of the note he and Clawson made a new agreement whereby he (Saab) was to pay Clawson $500 in cash, and in consideration thereof, Clawson was to release him (Saab) from all further liability on said note, and that this agreement was actually executed by Saab's signing his check (written by Clawson himself) in sum of $500.50 (which check was duly offered in evidence for all purposes [C.-M. 32]), which was accepted and cashed by Clawson pursuant to such new agreement."

This case then presents the single question of whether or not the trial court erred in refusing to permit defendant to prove the alleged oral agreement of plaintiff to release and discharge defendant from further obligation on the note upon the payment of the $500.50, without other or further consideration for such agreement. Defendant contends that it was error to reject this evidence, and in support of his contention cites Jones on Evidence (2nd Ed.) sec. 495, which in part reads:

"So it may be shown as between the original parties that the note has been discharged by the performance of an oral agreement, or that the delivery was conditioned upon a certain event."

He also cites section 5081, C. O. S. 1921, which provides:

"A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

He also cites and relies upon the rule announced in 22 C. J. 1273, sec. 1693, as follows:

"The rule forbidding the admission of parol or extrinsic evidence to alter, vary, or contradict a written instrument does not apply so as to prohibit the establishment by parol of an agreement between the parties to a writing, entered into subsequent to the time when the written instrument was executed, notwithstanding such agreement may have the effect of adding to, changing, modifying, or even altogether abrogating the con-

tract of the parties as evidenced by the writing; for the parol evidence does not in any way deny that the original agreement of the parties was that which the writing purports to express, but merely goes to show that the parties have exercised their right to change or abrogate the same, or to make a new and independent contract."

The text is supported by authorities cited from many jurisdictions, and may be said to be universal, but this rule must be considered in connection with the further rule stated in the same volume at page 1275, section 1695, which is:

"It is usually considered that, in order to render evidence of a subsequent parol agreement admissible to vary the terms of a written contract, it is necessary that such subsequent agreement is founded upon a consideration, although a contrary view has been asserted."

This latter rule reveals the weakness of defendant's position. He did not offer to prove any consideration whatever for the alleged agreement. The proof showed that he did not pay anything whatever other than that which he was already obligated to pay. He did not part with anything whatever of value, except the $500.-50, which was less than one-half of his obligation under the note, since there was then some $47 accrued interest on the note. Plaintiff did not receive anything whatever other than this partial payment on the note.

An executed oral agreement which may be proved for the purpose of altering a written contract must consist in the doing or the suffering of some thing not required by the terms of the writing: Walker Drilling Co. v. Carlew Drilling Contractors, 109 Okla. 7, 234 Pac. 598.

A number of cases from this court are cited by defendant, but an examination thereof will disclose that they all differ materially from the instant case, and go to the modification or substitution of contracts rather than the renunciation thereof.

It is suggested by plaintiff, and not without merit, that, in order to show a renunciation of his rights by the holder of a negotiable promissory note, the agreement must be in writing or the instrument be delivered up to the person primarily liable thereon. Section 7792, C. O. S. 1921, a part of the Negotiable Instrument Act, provides:

"The holder may expressly renounce his rights against any party to the instrument, before, at, or after its maturity. An absolute and unconditional renunciation of his rights against the principal debtor made at or after the maturity of the instrument, discharges the instrument. But a renunciation does not affect the rights of a holder in due course without notice. A renunciation must be in writing, unless the instrument is delivered up to the person primarily liable thereon."

The record, including the evidence which was tendered and rejected, shows only that defendant had paid a part of that which he was obligated to pay, and that plaintiff, upon receipt thereof, had orally agreed to renounce his rights as against defendant as to the balance due, and to erase or remove defendant's signature thereto.

In Smith v. Minneapolis Threshing Machine Co., 89 Okla. 156, 214 Pac. 178, it was held:

"A joint-maker of a promissory note can be discharged from liability thereon only as is found in article 9 of the Negotiable Instruments Act."

In Baldwin v. Daly (Wash.) 83 Pac. 724, it was held:

"Under Negotiable Instruments Act (Laws 1899, p. 361) sec. 122, authorizing the holder of a negotiable instrument to 'renounce his rights against any party to the instrument,' and providing that a 'renunciation must be in writing,' the release of a surety cannot be shown by parol; the word 'renunciation' being used in the sense of 'release.'"

To the same effect is Pitt v. Little (Wash.) 108 Pac. 941.

Defendant having failed to prove or tender proof that the purported release was in writing, or that the note was surrendered to the person primarily liable, or an executed agreement whereby he had done or suffered something to be done not required by the terms of the written agreement, his tender was wholly insufficient.

The judgment should be, and is hereby, affirmed.

BENNETT, HERR, FOSTER, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.