**JOHNSTON & LARIMER D. G. CO. v. HELF et al.**

No. 26241.   Dec. 22, 1936.

Robinson & Oden, for plaintiff in error.

Wilson & Roe, for defendants in error.

PER CURIAM. For convenience plaintiff in error will be referred to as plaintiff, and defendants in error as defendants, as the parties appeared in the trial court.

This appeal presents the single proposition of law: Where the maker of a negotiable promissory note executes an assignment of his property for the benefit of his creditors in lieu of resorting to a discharge in bankruptcy, in consideration of the oral promise of the holder of the note to release the maker from all liability upon the note, can such oral promise of the holder be shown in defense of an action on the note? Plaintiff contends that it cannot, first, because the execution of an assignment for the benefit of creditors is not sufficient consideration to discharge the obligation of a note; and secondly, that such an agreement cannot be proven by parol evidence. Defendants, on the other hand, contend that the transaction constituted an accord and satisfaction and thereby discharged the note.

1. Plaintiff asserts that the execution of an assignment for the benefit of creditors is not sufficient consideration to discharge the obligation of a note for the reason that under section 10029, O. S. 1931, such an assignment is void as against any creditors of the assignor not assenting thereto where "it tends to coerce any creditor to release or compromise his demand," but does not indicate the applicability thereof to the facts, nor is the assignment in evidence. In the absence of a showing to the contrary, it will not be assumed that the assignment contained any stipulation exacting from creditors a release or compromise of their claims as a condition to participating in a distribution of the fund obtained under the assignment, or that it otherwise reserved any portion of such fund to the assignor. Moreover, the assignment was obtained through plaintiff's solicitation and under its direction, the assignment was apparently made to an assignee of plaintiff's selection, and under its direction, and plaintiff purchased the stock under the sale thereof by the assignee, filed a claim with the assignee, and received and accepted a dividend thereunder. Having accepted the assignment and having recognized it for the purpose of obtaining those benefits, it would seem that it ought not to be thereafter heard to attack its validity. First National Bank v. Richburg, 75 Okla. 1, 181 P. 145; McLaughlin v. Park City Bank, 22 Utah, 473, 63 P. 580, 54 L. R. A. 343; 2 R. C. L. p. 722, sec. 72. If plaintiff by its oral promise released defendants from liability on the note, it did not do so as a condition to sharing in a distribution under the assignment, but as consideration for obtaining the assignment. The question therefore resolves into whether the execution by defendant of the assignment of his property for the benefit of his creditors in lieu of resorting to a discharge in bankruptcy constituted a sufficient legal consideration to enforce plaintiff's oral promise to release defendants from liability on the note.

If plaintiff by the assignment received only what it was previously entitled to under the terms of the note, without other consideration, the agreement would not be binding upon plaintiff (Sherman v. Pacific Coast Pipe Co., 60 Okla. 103, 159 P. 333, L. R. A. 1917A, 716; Ness v. Minnesota & Colorado Co., 87 Minn. 413, 92 N. W. 333; Demeules v. Jewel Tea Co., 103 Minn. 150, 114 N. W. 733, 14 L. R. A. (N. S.) 954; Ward v. Coleman, 170 Okla. 201, 39 P. (2d) 113; Gasper v. Mayer, 171 Ok'a. 457, 43 P. (2d) 467), for the reason that there would be a lack of legal consideration to support plaintiff's promise to release the excess due it under the terms of the note beyond the amount received. However, if by the transaction plaintiff received something other or different from what it was, or considered itself entitled to by the terms of the note (Houston Bros. v. Wagner, 28 Okla. 367, 114 P. 1106; Continental Gin Co. v. Arnold, 52 Okla. 569, 153 P. 160; Gentry v. Fife, 56 Okla. 1, 155 P. 246; Perin v. Cathcart, 115 Iowa. 557, 89 N. W. 12; 1 R. C. L. p. 177, sec. 1); something to which it had no previous right, or defendant was thereby deprived of something that he was not bound to part with before, as the delivery of property (Reeves & Co. v. Phillips, 53 Okla. 375, 156 P. 1179); an article of personal property or a conveyance of real property (First National Bank v. Latham, 37 Okla. 286, 132 P. 891; Lilly v. Verser, 133 Ark. 547, 203 S. W. 31; Page on Contracts (2nd Ed.) vol. 4, p. 4427, sec. 2509); the forbearance of the prosecution of an action (Stuart v. Edwards, 84 Okla. 207, 202 P. 1032); extinguishment of a bona fide disputed claim (First National Bank v. Harkey, 63 Okla. 163, 163 P. 273); the surrender of a legal right,—a benefit to one or a detriment to the other (4 Page, on Con-

tracts, p. 4416, sec. 2501); or the doing or suffering of something not required to be done or suffered by the terms of the note (Walker Drilling Co. v. Carlew Drilling Contractors, 109 Okla. 7, 234 P. 598, 599; Saab v. Clawson, 185 Okla. 126, 280 P. 598, 599); such new or additional consideration would constitute sufficient legal consideration to enforce the oral promise of plaintiff to release the debt, and would discharge the note and bar any further action thereon. Bradley & Metcalf Co. v. McLaughlin, 87 Okla. 34, 208 P. 1032; Gasper v. Mayer, supra; Savage v. Edgar, 86 N. J. Eq. 205, 98 Atl. 407, 3 A. L. R. 1021; 1 R. C. L. p. 201, sec. 38; our inquiry being as to the existence of any such additional consideration and not as to the adequacy thereof. First National Bank v. Latham, supra, 4 Page on Contracts (2nd Ed.) p. 447, sec. 2509; 1 R. C. L. p. 184, sec. 14; First National Bank v. Sheok, 100 Tenn. 436, 45 S. W. 338; Lamberton v. Harris, 112 Ark. 563, 166 S. W. 554.

The note evidenced a liquidated money demand: "the substantial essence of a contract evidenced by a promissory note is the undertaking by the makers to pay the principal sum of money named," 3 R. C. L. p. 1282, sec. 513, and thereunder plaintiff was entitled to exact, and defendants obligated to pay "a sum certain in money," O. S. 1931, sec. 11483, and plaintiff was not bound to accept, nor could defendants legally tender in satisfaction of the obligation of the note anything other than money. Continental Gin Co. v. Arno'd, supra; Howe v. Mittleberg, 96 Mo. App. 490, 70 S. W. 396; 3 R. C. L. p. 1284, sec. 516. Upon default by defendants of payment in money of the amount evidenced by the note, plaintiff was entitled to have its right to payment in money established by judicial proceedings, and thereunder to have property of defendants that was liable to levy and sale under execution, levied upon and sold and the money derived from such sale applied to payment of the debt; but it could not, except by becoming the purchaser of such property at a judicial sale thereof, acquire title to or take possession of said property or any part thereof, without defendants' consent, and without defendants' consent plaintiff or third parties acting in its behalf could not forthwith take possession of or sell said property in a summary or expeditious manner. Neither could plaintiff through legal proceedings have compelled the execution by defendant of the assignment or have prevented defendant from seeking a distribution of his property by a bankruptcy court. Defendant within his legal rights could have refused to do the one or to forego the other. Accordingly, by the execution by defendant of an assignment of his property for the benefit of his creditors and his forbearance from seeking a distribution thereof in a bankruptcy proceeding, plaintiff received something other or different from what it was, or considered itself entitled to, under the terms of the note, and the same constituted a sufficient legal consideration to enforce plaintiff's oral promise to release defendants from liability on the note. The transaction constituted an accord and satisfaction and discharged the debt.

2. Plaintiff further contends that its promise to release defendants from liability on the note in pursuance of the foregoing transaction could not be proven by parol evidence; that under O. S. 1931, sec. 11421 (Neg. Inst. Law, section 122), which provides:

"The holder may expressly renounce his rights against any party to the instrument, before, at or after its maturity. An absolute and unconditional renunciation of his rights against the principal debtor made at or after the maturity of the instrument, discharges the instrument. But a renunciation does not affect the rights of a holder in due course without notice. A renunciation must be in writing, unless the instrument is delivered up to the person primarily liable thereon"

—its promise could be shown only by an instrument in writing, or by delivery of the note to defendants. Defendants on the other hand contend that the above section contemplates the discharge of a bill or note by accord without satisfaction; that where there is a new or additional consideration to support the promise to release the debt, the transaction is controlled by O. S. 1931, sec. 11418 (Neg. Inst. Law, section 119), providing that:

"A negotiable instrument is discharged: * * *

"Fourth. By any other act which will discharge a simple contract for the payment of money. * * *"

A determination of this question requires a construction of the foregoing sections, and of whether the former in any manner limits, modifies or controls the latter.

Cases sustaining the contention of plaintiff hold that "renunciation" in section 122 is used in the sense of release; that although the holder of a negotiable instrument has received and accepted a sufficient consideration for his promise to release the debt, proof of the transaction is, under said

section. prohibited other than by an instrument in writing or delivery up of the instrument (Whitcomb v. National Exchange Bank, 123 Md. 612, 91 Atl. 689; Portland Iron Works v. Siemens, 135 Ore. 219, 295 P. 463; Baldwin v. Daly, 41 Wash. 416, 83 P. 724; Pitt v. Little, 58 Wash. 355, 108 P. 941; Manly v. Beam, 190 N. C. 659, 130 S. E. 633); that although the word "renunciation" undoubtedly appropriately describes the act of surrendering a right or claim without recompense, it can with equal propriety be applied to the relinquishment of a demand upon an agreement supported by a consideration, and seek to distinguish the apparent conflict in the two sections by saying that section 119 relates generally to causes of discharge, while section 122 refers in part to the mode of proof as to a particular method of producing such a result (Whitcomb v. Nat. Exchange Bank, supra), and that no reasonable basis is suggested for the distinction "between gratuitous renunciations and those supported by a consideration, so far as the requirement of a writing is concerned." Portland Iron Works v. Siemens, supra.

Cases sustaining the contention of defendants,—that section 122 has no application to the methods of discharge enumerated in section 119,—hold that under the fourth subdivision of the latter section discharge of the bill by accord and satisfaction, novation, or any other act which will discharge a simple contract for the payment of money, may be shown by parol (McGlynn v. Granstrom, 169 Minn. 164, 210 N. W. 893; Jones v. Wettlin, 39 Wyo. 331, 271 P. 217. 69 A. L. R. 840; Nelson v. Hudson, 221 Mo. App. 211, 299 S. W. 1111; Hall v. Wichita State Bank & Trust Co. (Tex. Civ. App.) 254 S. W. 1037; Lockhart State Bank v. Baker (Tex. Civ. App.) 264 S. W. 566; Gorin v. Wiley, 215 Ill. App. 541; Lilly v. Verser, supra; Epstein v. Gradowitz, 76 Cal. App. 29, 243 P. 877); that "section 122, requiring 'renunciation' to be in writing or accompanied by a delivery back of the instrument, applies only to the unilateral act of the holder, usually, if not always, without consideration, whereby he expresses the intention of abandoning his rights on the instrument as against one or more of the parties;" that the maker of a note may pay it by transferring property to the holder with that agreed purpose and effect and that there is a discharge of the instrument, "even though it is not surrendered to the maker and there is no memorial in writing" (McGlynn v. Granstrom, supra); that discharge by renunciation under section 122 imports a gratuitous

abandonment or giving up of rights, and not release or discharge by novation, or other contract or agreement founded on a valuable consideration (Nelson v. Hudson, supra); that it was the intention of the Legislature in enacting section 119 and the various subdivisions thereof "to incorporate in the statutory law other methods of discharging negotiable instruments, which had theretofore been declared by the common law to discharge a simple contract"; that neither section relates to the other, but relate to and control separate and distinct matters (Lockhart State Bank v. Baker, supra).

That section 122 does not relate to subdivision 4 of section 119 is in harmony with decisions of this court. In Bradley & Metcalf Co. v. McLaughlin, supra, while plaintiff had suit pending against the principal maker and sureties on a note, the maker sold his mercantile business under the Bulk Sales Law, control of the fund derived therefrom being given to one Addison Brown who represented certain creditors. The latter mailed drafts to various creditors, forwarding to plaintiff a draft for its proportionate share of the fund together with a new note, signed by the makers of the old note, for the balance due on the old note, with instructions not to accept the draft unless it also accepted the new note. Plaintiff retained and cashed the draft, crediting same on the note sued on, but returned the new note to Brown, informing him that it intended to proceed with its suit on the old note for the balance due. Section 122 was invoked by plaintiff, and this court held that it had no application to the facts, although it did not point out to what class of cases section 122 applies. In Saab v. Clawson, supra, one of the joint makers of a promissory note sought to prove by parol a release from liability in consideration of his payment of less than half of his liability on the note. In holding that such evidence was inadmissible under section 122, the opinion further indicates that if there had been a legal consideration to support the oral release, the evidence would have been admissible, the court stating that the defendant

"* * * did not offer to prove any consideration whatever for the alleged agreement. * * * Plaintiff did not receive anything whatever, other than this partial payment on the note. * * *

"Defendant having failed to prove or tender proof that the purported release was in writing, or that the note was surrendered to the person primarily liable, or an executed agreement whereby he had done or suffered something to be done not required by the terms of the written agreement, his tender was wholly insufficient."

While the latter case likewise does not directly point out the application of section 122, it clearly implies that thereunder a discharge by an instrument in writing or by delivery up of the bill would be effective, although without consideration; and it as clearly implies that a release may be proven by parol when based upon a legal consideration. Particularly is the latter implication apparent when the latter case is considered in connection with the Bradley & Metcalf Case.

In McGlynn v. Granstrom, supra, and other cases in accord with its view, it is pointed out that cases, which hold that a discharge under subdivision 4 of section 119 can only be proven by an instrument in writing or by delivery up of the bill, do not exp'ain why section 122 should apply to said subdivision 4 and not to other methods of discharge enumerated in section 119, as payment, or cancellation, although probably universally the rule that payment may be proved by parol.

We are of the opinion that renunciation as used in section 122 contemplates a discharge without consideration, and that said section does not relate to section 119. Some of the cases, supra, so holding, have traced section 122 to its source, and from the historical background as set forth in those cases, it may be summarized that under the English law prior to the adoption of the Bills of Exchange Act in 1882, discharge of a bill could be proven by parol, although "unaccompanied by satisfaction or by any solemn instrument." By the Bills of Exchange Act a change was made in the English law, requiring a discharge, without consideration, to be in writing or accompanied by delivery up of the bill. In the preparation of our American Negotiable Instruments Law the provisions of the above act were copied therein:

"* * * and as this law has been enacted, almost universally throughout the United States, a written renunciation or discharge of a bill or note or of the liability of any party thereon is now good without consideration." Williston on Contracts, vol. III, p. 3154, sec. 1833.

That a discharge under section 122 is effective although without consideration is recognized by Whitcomb v. National Exchange Bank and Portland Iron Works v. Siemens, supra, and cases entertaining their view, by the language that "undoubtedly the word 'renunciation' * * * appropriately describes the act of surrendering a right or claim without recompense, but it can be applied with equal propriety to the relinquishment of a demand upon an agreement supported by a consideration," and accordingly cases following either view appear to be in accord that under section 122 a release is effective, although without consideration. This being so, to hold that subdivision 4 of section 119 relates to the causes of discharge, but that section 122 controls the method of proof of how the discharge is accomplished, would in effect reduce said subdivision 4 to surplusage, if indeed it would not nullify it, for the following reason: Since a discharge under section 122 is effective although without consideration, of what possible moment would it be in any case whether the discharge by an instrument in writing or by delivery up of the instrument was gratuitous or founded on a legal consideration. In any case, in the absence of fraud or mistake, the inquiry of the court would be limited to, not whether there was a legal consideration, but whether there was an instrument in writing or a delivery up of the bill. Since under section 122 the existence or lack of a legal consideration is immaterial, any inquiry as to whether the instrument in writing or delivery up of the note was obtained gratuitously, or by accord and satisfaction, novation, or "any other act which will discharge a simple contract for the payment of money," could only be justified by curiosity. Accordingly said subdivision 4 of section 119 would in practical effect serve no purpose, unless it was deemed that although courts would under section 122 uphold a discharge not based upon a legal consideration, they might otherwise hold a discharge ineffective if it should be disclosed that it was obtained by means of accord and satisfaction, novation, or some other means which will discharge a simple contract for the payment of money—an absurdity that certainly was not contemplated by the Legislature.

We therefore hold that O. S. 1931, section 11421, providing for discharge of negotiable instruments by renunciation, has no application to subdivision 4 of O. S. 1931, section 11418, providing that a negotiable instrument is discharged, "by any other act which will discharge a simple contract for the payment of money," and that a release under the latter section may be established by parol. The transaction between plaintiff and defendants discharged the note sued upon, and was a bar to any further action thereon. Judgment affirmed.

The Supreme Court acknowledged the aid of Attorneys Arden E. Ross, M. H. Silverman, and O. H. Searcy in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar,

appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Ross and approved by Mr. Silverman and Mr. Searcy, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted, as modified.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. RILEY and WELCH, JJ., absent.