[No. 5841. Decided January 10, 1906.]

A. L. BALDWIN, *Respondent,* v. GEORGE A. DALY *et al., Appellants.*[1]

BILLS AND NOTES—ONE OF MAKERS SURETY ONLY—PROOF—PAROL EVIDENCE—COMPETENCY. A co-maker of a promissory note, who signs as surety only, may show such fact by parol evidence and that the payee had knowledge thereof.

PRINCIPAL AND SURETY—RELEASE OF SURETY—CONSIDERATION—PAYMENT OF PART—SUFFICIENCY. An agreement for an immediate payment of part of a debt is sufficient consideration for the release of a surety from obligation to pay the remainder.

BILLS AND NOTES—RELEASE OF SURETY BY PAROL—STATUTE REQUIRING WRITING—CONSTRUCTION. Under Laws 1899, p. 361, providing that a "renunciation" of a negotiable instrument must be in writing, a surety thereon is not entitled to show that he had been released by parol.

Appeal from a judgment of the superior court for King county, Albertson, J., entered April 6, 1905, upon findings in favor of the plaintiff, after a trial on the merits before

[1]Reported in 83 Pac. 724.

the court without a jury, in an action upon a promissory note. Affirmed.

*Reavis, Thorp & Wheeler,* for appellants.
*Sauter & Sheldon,* for respondent.

FULLERTON, J.—This action was brought in April, 1904, by the respondent against the appellants to recover upon a promissory note for $724.95 dated February 19, 1903, and due twelve months after date. In his complaint the respondent set forth the note in words, showing its execution as principals by both of the appellants, alleged that a payment of $84.95 had been paid thereon prior to its maturity, that the balance was overdue, and demanded judgment for such balance.

The appellants answered separately. The appellant Daly answered to the effect that, prior to the maturity of the note, the respondent and appellants entered into an agreement by which the respondent, for a valuable consideration, extended the time of the payment of the note until June 1, 1904, and that the action was prematurely brought.

The appellant Peter set up the same defense, and the further defense that the respondent had released him from his obligation to pay the note. He alleged that this note, with three certain other notes, had been given as part of the purchase price of a sawmill, sold by the respondent to the appellant Daly and one Furr; that he had no interest in the purchase of the mill, but signed the same as an accommodation maker for Daly and Furr, all of which the respondent well knew; that when the first of the notes given as the purchase price of the sawmill matured it was paid by Daly and Furr, but when the second and third of the notes matured neither Daly nor Furr were able to pay the same and the respondent called upon him for payment; that he absolutely refused to pay the notes until the respondent should foreclose a chattel

27—41 WASH.

mortgage given by Daly and Furr to secure their payment and obtain all he could from the sale of such property; that the matter was then taken up by all of the parties and an agreement entered into by the terms of which the respondent agreed, in consideration of the sum of $1,400, which would pay the second and third notes then due in full and the interest, and $84.95 on the principal of the fourth note (the one here in suit), to give to the appellant Daly until June 1, 1904, to pay the balance owing on the fourth note, and to release the answering appellant entirely from any further liability thereon, and to look solely to the chattel mortgage and appellant Daly for payment of the same. It is then alleged that, in consideration thereof, and for the sole purpose of being released from the further payment of the note sued on, he did pay the respondent the sum of $1,400, which sum was applied by the respondent in the manner agreed upon between the parties.

A reply was filed denying the affirmative allegations of the answers. At the trial, which was had before the court without a jury, the appellant Peter offered oral evidence tending to show that he was only surety upon the note sued upon, and that he was released from his liability thereon as alleged in his answer. This evidence the court rejected, holding that oral evidence was not competent to prove either that the appellant was only surety on the note, or that he had been released from liability thereon. The trial then proceeded on the issue of extension of time, at the conclusion of which the court held the allegations not proven, and entered judgment for the respondent for the sum shown to be due on the note. This appeal is from the judgment so entered.

The ruling of the trial court, to the effect that it is incompetent for one of two or more makers of a joint and several promissory note to show by parol that he is in fact only a surety, and that he was known to be such by the payee named in the note when the note was taken, is contrary to

the ruling of this court in *Culbertson v. Wilcox,* 11 Wash.
522, 39 Pac. 954, and *Bank of British Columbia v. Jeffs,*
15 Wash. 230, 46 Pac. 247. It is apparent, however, that
this question is not a material one here, unless it is to be held
that the appellant Peter was entitled to show that the re-
spondent had released him from liability on the note. On
this question, the respondent suggests two considerations
either of which he contends is fatal to the appellant's claim:
first, that no consideration for the alleged release was pleaded;
and second, that a release cannot be shown by parol. As to
the first point, it was alleged that, for an immediate pay-
ment of a part of the debt, all of which was not then due, the
respondent agreed to release the appellant Peter, who was
only a surety, from his obligation to pay the remainder. And
while it is true that courts have disagreed on the question
whether the payment of a part of a debt is a sufficient con-
sideration to support an agreement for the release of the
whole, this court has taken part with the courts holding such
contracts to be founded on a sufficient consideration, and we
think the pleading sufficient in that respect. See, *Brown v.
Kern,* 21 Wash. 211, 57 Pac. 798.

We are constrained to hold, however, that the second con-
tention must be sustained. Section 122 of the negotiable in-
struments act reads as follows:

"The holder may expressly renounce his rights against any
party to the instrument, before, at, or after its maturity. An
absolute and unconditional renunciation of his rights against
the principal debtor made at or after the maturity of the
instrument discharges the instrument. But a renunciation
does not affect the rights of a holder in due course without
notice. A renunciation must be in writing, unless the instru-
ment is delivered up to the person primarily liable thereon."
Laws 1899, p. 361.

This plainly provides that the renunciation of a debt must
be in writing where the debt is evidenced by a negotiable
instrument, and if "renunciation" is used therein in the sense

of "release," there can be no question that the appellant must show a written renunciation in order to prove the allegations of his answer. Counsel for the appellant argues that the word is used in a sense different from that of release, and that while a renunciation must be by a writing, a release may be proved by parol. But we cannot think the statute permits of this distinction. The words, "The holder may expressly renounce his rights against any party to the instrument," must refer to the release and discharge of a party to the instrument from his obligation to pay it, else they can have no legitimate meaning.

The remaining question is the sufficiency of the evidence to establish an extension of time of payment of the note, but without entering into an analysis of the evidence, it is sufficient to say that we find no cause to reverse the case on this ground.

The judgment is affirmed.

MOUNT, C. J., HADLEY, RUDKIN, ROOT, CROW, and DUNBAR. JJ., concur.