## BASS v. BOERIES ET AL.

[77 South, 189, Division B.]

1. MORTGAGES. *Pleading. Innocent purchasers.*

   In a suit to foreclose a trust deed securing a note, a demurrer was properly overruled to a cross-bill charging that complainant was not a purchaser for value and that he did not take the assignment of the note and deed of trust for the purpose of vesting any title or interest in him to either.

2. JUDGMENTS. *Trust deeds. Cancellation. Interest affected.*

   Where in a suit by the assignee to foreclose a trust deed securing a note, the maker by cross-bill sought a cancellation of the note, the interest of the original payee who was not a party to the suit, could not be affected.

3. BILLS AND NOTES. *Right of parties.*

   If the original payee of a note released the maker in consideration of a deed to the payee's wife and this was known to the assignee of the note who was a mere volunteer, then the maker was entitled to a cancellation of the note and trust deed.

Appeal from the chancery court of Harrison county. Hon. W. M. Denny, Jr., Chancellor.

Biil by Frank P. Bass against Felix Boeries and another. From a decree overruling a demurrer to answer and cross-bill, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Rushing & Guice,* for appellant.

*Mize & Mize,* for appellee.

Cook, P. J., delivered the opinion of the court.

The appellant, complainant in a bill of complaint exhibited by him in the chancery court of Harrison county, appeals from a decree overruling his demurrer to the answer and cross-bill of the respondents, Lena Bass and Felix Boeries.

The original bill of complaint alleges that respondent and cross-complainant, Felix Boeries, being indebted to one Vincent Bass in the sum of five hundred and fifty dollars on the 20th day of January, 1913, executed and delivered his promissory note for said sum, payable to said Vincent Bass, or order, one year after date, together with interest and attorney's fees stipulated in the note; that to secure the payment of said note the said Felix Boeries executed a deed of trust upon certain described real estate situated in Harrison county, in which deed of trust complainant was made trustee. The original bill of complaint further charges that on the 13th day of December, 1913, the payee of the note and beneficiary in the deed of trust, for a good and valuable consideration, transferred and assigned to complainant the promissory note and the trust deed securing the same. The bill of complaint then prays for the appointment of a master to compute the amount due on said note according to its terms, and for a fore-

closure of the deed of trust by a commissioner, unless the same be paid in some short time fixed by the decree of the court.

The defendants, Lena Bass and Felix Boeries, answered the bill of complaint, and asked that their answer be taken as a cross-bill. Defendants and cross-complainants admit the execution and delivery of the note and deed of trust to Vincent Bass, but deny that same had been assigned to complainant for a good and valuable consideration; they admit that the note and deed of trust was assigned to Frank P. Bass by Vincent Bass, but allege that no consideration was given by Frank P. Bass to Vincent Bass for said assignment; they allege that the assignment of the note and deed of trust was for the purpose of avoiding some little trouble with which Vincent Bass was threatened at that time, and that assignment was only in trust and was so understood by the assignor and assignee; that both Vincent Bass and Frank Bass understood that the note and deed of trust was not assigned for collection or to give title to same to the assignee, Frank Bass.

We here quote in full from the answer and cross-bill, viz:

"Respondents further allege that thereafter, on, to wit, the 6th day of March 1914, the said Felix Boeries executed to Lena Camors Bass, wife of said Vincent Bass, and one of respondents herein, a deed to the property hereinabove described, with the right of redemption to said Felix Boeries, which said deed is of record in Book 16, p. 133, of records of deeds of trust and mortgages on land in the office of the chancery clerk of Harrison county, Miss., in consideration of which deed or mortgage last above referred to from Felix Boeries to Lena Camors Bass the said Vincent Bass released said Felix Boeries from the payment of said note of five hundred and fifty dollars of date January 20,

1913, and the deed of trust of date of January 20, 1913, securing said note, on which said note and deed of trust of date January 20, 1913, said Frank P. Bass is suing herein; and that said deed to the above-described property to Lena Camors Bass by Felix Boeries was given as aforesaid to said Vincent Bass in payment of said note and in cancellation of said deed of trust securing said note, of date January 20, 1913, and that in truth and in fact the said note of. five hundred and fifty dollars of date January 20, 1913, and deed of trust of that date securing same, has been fully paid by the giving of said deed to Lena Camors Bass by said Felix Boeries of date March 6, 1914, to the above-described property, a copy of which said deed of March 6, 1914, to Lena Camors Bass by Felix Boeries to said above-described property is herewith filed marked Exhibit A hereto; and that said note and deed of trust of Felix Boeries to Vincent Bass of date January 20, 1913, is null and void, and has been paid as aforesaid and should be canceled; and that in law and in equity said note of date January 20, 1913, and deed of trust of said date from said Felix Boeries to Vincent Bass, Frank Bass, trustee, and the record of same, in the office of the clerk of the chancery court of said county, should be marked canceled.''

Appellant demurred to the cross-bill, assigning the following grounds therefor:

"(1) Said cross-bill does not seek equitable relief.

"(2) Said cross-bill shows that at the time the mortgage was executed by Boeries to Lena Camors Bass, it was made to secure an indebteness to Vincent Bass, and said bill admits that Vincent Bass had assigned his interest in the deed of trust executed by Boeries to said Vincent Bass on January 20, 1913, to Frank P. Bass on December 15, 1913; said original deed of trust being an exhibit to complainant's bill and showing that the assignment was an absolute assignment.

"(3) Said cross-bill shows that the mortgage from Borries to Lena Camors Bass was without consideration.

"(4) Said Vincent Bass was without authority to deal with the deed of trust given by Felix Boeries to himself and assigned by him to Frank P. Bass, after the assignment of said deed of trust to said Frank P. Bass.

"(5) Said defendants, Boeries and Lena Camors Bass, cannot raise the question of want of consideration between Vincent Bass and his assigns, Frank P. Bass.

"(6) Said cross-bill shows that if any damage was suffered by defendants, it was *damnum absque injuria.*

"(7) Said cross-bill shows that Vincent Bass had no interest in the deed of trust on March 6, 1914, and therefore could not give a valid acquittance of the debt secured by the said deed of trust.

"(8) Said Vincent Bass could not convey by absolute assignment to Frank P. Bass to avoid, as alleged in the cross-bill, 'a little trouble with which said Vincent Bass was threatened,' and claim that said assignment was fraudulent. To do so would be taking advantage of his own fraud, and defendant Lena Camors Bass, claiming through said Vincent Bass, cannot attack said assignment.

"(9) Said Boeries cannot attack the assignment from Vincent Bass to Frank P. Bass, he having suffered no damage thereby.

"(10) Said cross-bill shows no privity of contract between Felix Boeries and Lena Camors Bass, and does not shows that Boeries owed said Lena Camors Bass any amount whatever, and the voluntary execution of this mortgage by said Boeries to said Lena Camors Bass was without consideration and utterly null and void."

The answer and cross-bill also shows that Vincent Bass, the promisee in the note secured by the deed of trust, is the husband of Lena Bass one of the cross-complainants and that the deed from Felix Boeries to her was executed in consideration of an agreement that Vincent Bass would

release Felix Boeries from the payment of the note secur-
ed by the original deed of trust, which the original bill
seeks to have foreclosed.

Inasmuch as the cross-bill charges that Frank P. Bass
is not a purchaser for value, and that he did not take the
assignment of the note and deed of trust for the purpose
of vesting any title or interest in him to either, it seems to
us that the chancellor did not err in overruling his de-
murrer to the cross-bill.

It is true that the cross-bill alleges that there was some
sort of agreement, presumably oral, that Felix Boeries
should have the right to redeem the land by the payment
of the note, but we are not now called upon to decide upon
the equity of redemption, as we understand that the
purpose of the cross-bill is to secure a cancellation of
the original note. Vincent Bass is not a party to the
cross-bill, and of course his interest will not be affected
by this litigation between Frank P. Bass and cross-com-
plainants.

If it be true that Vincent Bass released the maker of
the note in consideration of the deed made to his wife,
and that this was known to Frank P. Bass, who, accord-
ing to the cross-bill, is a mere volunteer, we think cross-
complainant was entitled to the relief prayed for.

The decree of the chancellor overruling the demurrer
to the cross-bill is affirmed,and the case will be remanded
for further proceedings in accordance with this opinion.

*Affirmed and remanded.*