## FORRESTON GIN CO. v. WAXAHACHIE NAT. BANK. (No. 145.)

(Court of Civil Appeals of Texas. Waco. Feb. 12, 1925. Rehearing Denied March 12, 1925.)

1. **Bills and notes** ⬅️52, 256—**How instrument may be discharged stated; contract between bank and drawer of trade acceptance held to release drawer from liability as indorser of trade acceptance.**

Vernon's Ann. Civ. St. Supp. 1922, art. 6001—122, requiring renunciation of rights of holder of negotiable instrument to be in writing, does not limit or control article 6001—119, providing for discharge of negotiable instrument by any act which will discharge simple contract for payment of money, and agreement by bank to pay trade acceptance without recourse against drawer as indorser, in consideration of drawer's release of possessory lien on certain cotton seed and purchase at above market price of other cotton seed, which bank held as mortgagee to secure advances to drawee and acceptor, is supported by consideration and binding on bank.

2. **Frauds, statute of** ⬅️33(1)—**Oral contract between bank and drawer, releasing for mutual consideration drawer's liability on trade acceptance, held not void as prohibited by statute.**

Oral contract between bank and drawer releasing for mutual consideration drawer from liability on trade acceptance unpaid by bankrupt drawee *held* not void as promise to pay debt of another within statute of frauds.

3. **Banks and banking** ⬅️183—**Bank, as mortgagee of cotton seed, agreeing with drawer of trade acceptance to apply proceeds of sale of cotton seed on trade acceptances, held bound to so apply proceeds.**

Bank, as mortgagee of cotton seed, agreeing with drawer of trade acceptance to apply proceeds of sale of cotton seed on trade acceptances, *held* bound to so apply proceeds.

Appeal from District Court, Ellis County; W. L. Harding, Judge.

Action by the Waxahachie National Bank against the Forreston Gin Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

J. C. Lumpkins and Farrar & Kemble, all of Waxahachie, for appellant.

F. L. Wilson and C. M. Supple, both of Waxahachie, for appellee.

BARCUS, J. Appellee filed this suit against appellant to recover on a trade acceptance, dated October 28, 1921, drawn by Forreston Gin Company on the Watson Cotton Seed Company for the sum of $3,701.93, which had written thereon, "Accepted by Watson Cotton Seed Company," same being payable at Waxahachie National Bank, and reciting that—

"The obligation of the acceptor hereof arises out of the purchase of 500.000 pounds of cotton seed from the drawer, Forreston Gin Company."

Appellee alleged that it paid said trade acceptance to appellant, and that when same became due on January 26, 1922, same was not paid by the Watson Cotton Seed Company, and it was protested and suit was brought against appellant as the drawer and indorser thereof; same being indorsed by the Forreston Gin Company. Appellee alleged that it was an innocent purchaser for value of said trade acceptance before its maturity.

It was an admitted fact that the Watson Cotton Seed Company was the trade-name of Ferris Watson, and Ferris Watson had, before the suit was filed, been adjudged a bankrupt.

Appellant filed its second and third amended answers, to which numerous exceptions were urged and sustained, and then, under leave of the court, filed its fourth amended answer, in lieu of its other pleadings, which is very long and voluminous, and to which the appellee addressed 25 special exceptions, many of them in the nature of general demurrers, which the trial court sustained and eliminated all of defendant's answer except its general denial. Appellant excepted to the court's action in sustaining appellee's exceptions to its answer, and after the answer had been stricken out the cause was withdrawn from the jury and submitted to the court and judgment was rendered for appellee on the trade acceptance sued upon. The only question involved in this appeal is as to whether appellant stated any defense in its answer, and whether the trial court committed error in sustaining appellee's exceptions thereto.

Appellant, in substance, pleaded that appellee was not an innocent purchaser of the

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

trade acceptance, and alleged that in the year 1921, Ferris Watson, doing business under the name of the Watson Cotton Seed Company, had sold to the farmers in Ellis county what is known as the Watson Acala cotton seed, and agreed with the farmers that he would purchase all seed from said cotton in the fall of 1921 at a bonus; and that in the fall of 1921 said Watson and appellee bank had an agreement with each other, whereby said Watson executed a mortgage to appellee bank on all the cotton seed which he then owned and which he might purchase or own during the year 1921, and that the appellee bank agreed to furnish said Watson money with which to buy said cotton seed; that the said Watson, acting thereon, made arrangements with appellant to purchase for him (Watson) the cotton seed produced from the Watson Acala cotton seed from the farmers and that ·at the end of each week he (Watson) would pay appellant for the cotton seed so purchased and take same off its hands; that in September said Watson informed appellant that he did not have sufficient cash to pay for the seed, but that he had made arrangements with appellee bank to take trade acceptances and that said bank had agreed to pay said trade acceptances in cash when presented. Appellant alleged that it conferred with appellee bank, and that said bank assured it that said Watson had made such arrangement and ·that it would pay the trade acceptances of said Watson for the cotton seed which were delivered to said Watson by appellant. Appellant alleged that, based thereon, it did buy from the farmers said cotton seed for said Watson, and accepted from Watson trade acceptances and delivered the cotton seed which it had purchased to said Watson, and that appellee paid two trade acceptances, one dated September 21st and one September 28th, totaling more than $6,000, and that when the trade acceptance sued on herein, of date October 28th, was presented to the appellee bank, it refused to pay same; that thereupon it had a conference with the appellee bank on November 17, 1921, at which time it was agreed between appellee bank and appellant that appellant would purchase 4,000 bushels of the cotton seed on which appellee had·a mortgage, paying $1.60 a bushel therefor, which was in excess of the real market value, and pay said amount to the bank, which amount would take up the first two trade acceptances, neither of which had been paid by Watson at said time, and pay $164 on the third one, being the one sued on herein; and that appellee at said time agreed with appellant that if appellant would take said 4,000 bushels of cotton seed at said price, that it (appellee) would pay the said trade acceptance involved herein to appellant and would look alone to· Ferris Watson and the remaining cotton seed on which it held its mortgage for the payment thereof, and would release appellant from all liability by reason of being the drawer or indorser of said trade acceptance. Appellant alleged that, based on said contract and agreement, it did pay said $6,400 to appellee and received 4,000 bushels of said cotton seed on which appellee held a mortgage, and that appellee at said time paid to appellant the amount called for in said trade acceptance sued upon and accepted said trade acceptance as its property, with the understanding and agreement that appellant would not in any event be liable to appellee if said trade acceptance was not paid at its maturity by said Watson. Appellant alleged that its indorsement on said trade acceptance had been placed there at the time it was drawn on October 28th, and that payment was refused by appellee, and that at the time of the trade made on November 17th, by mutual oversight or mistake of all parties, or fraud on the part of appellee, the indorsement was not erased, but that it was the understanding and agreement between it and appellee that appellant was not to be in any way liable on said trade acceptance. Appellant further alleged that it delivered all the cotton seed which it· did purchase for Watson, to Watson, by reason of the promise made by the appellee that it would pay the trade acceptances which it took from said Watson.

Appellant further alleged that the cotton seed purchased by it for Watson, under an agreement by appellee with Watson and the Southland Cotton Oil Company of Waxahachie, as delivered to said Southland Cotton Oil Company with the understanding and agreement that said Southland Cotton Oil Company would pay to appellee all the funds derived from the sale of said cotton seed, and that appellee was to use the funds turned over to it by the Southland Cotton Oil Company in payment of the trade acceptances which said Watson had given to the different gins for said cotton seed; that the said Southland Cotton Oil Company had delivered to appellee bank more than sufficient funds derived from the sale of the cotton seed which had been mortgaged to said bank, and with the bank's permission sold by the Southland Cotton Oil Company, than would have been required to take up and discharge all the trade acceptances held by appellee, including the one sued on herein; that appellee, instead of using said funds to discharge said trade acceptances, as it had agreed to do, had used said funds to pay other obligations of the said Ferris Watson and had thereby converted the funds derived from said mortgaged property, or had permitted the said Watson to so convert said funds.

Appellee excepted to said answer and contends that the same does not state a cause of

action: (a) Because it does not allege that at the time appellee paid the trade acceptance on November 17; 1921, it, in writing, released the appellant, and that by reason thereof, under article 6001—122 of the Vernon's Annotated Civil Revised Statutes Supplement of 1922, appellant was liable on said trade acceptance by reason of being both a drawer and indorser thereon; (b) because it was an attempt on the part of appellant to hold appellee for the debt of Watson, when it had not agreed in writing to pay same, and that the same was prohibited by the statute of frauds; and (c) because it was an attempt on the part of appellant to vary the terms of a written contract, claiming that the trade acceptance with its indorsements could not be varied by parol statements or contracts which in any way varied its terms, and claiming that the drawer of a bill of exchange and an indorser thereon could not be discharged except by a written renunciation from the holder of the instrument.

Under article 6001—119, it is provided that "a negotiable instrument is to be discharged: (4) by any other act which will discharge a simple contract for the payment of money." In the case of Hall v. Wichita State Bank & Trust Co. (Tex. Civ. App.) 254 S. W. 1036, a well-considered case, in which the Supreme Court denied a writ of error, it was held that article 6001—122, which provides that the renunciation of rights by holder of a negotiable instrument must be in writing, does not limit or control 6001—119, subd. 4, of said article, which permits the discharge therefrom by any other act which will discharge a simple contract for payment of money. To the same effect is the holding in Lockhart State Bank v. Baker (Tex. Civ. App.) 264 S. W. 566, and Farmers' State Bank v. Cottingham (Tex. Civ. App.) 261 S. W. 426.

From appellant's pleadings it appears that Watson had agreed to purchase all of the Watson Acala cotton seed ginned at appellant's gin in the fall of 1921, and made arrangements with appellant to pay the farmers therefor and deliver the seed so purchased to Watson at the end of each week when Watson paid appellant therefor; that Watson had executed a mortgage to appellee bank on all the cotton seed owned by him and all to be purchased by him, and in consideration thereof the bank was to furnish Watson the necessary funds; that thereafter the bank and Watson entered into an agreement, whereby Watson was to give trade acceptances to appellant in payment of the cotton seed, which the bank agreed to cash on presentation, and under said arrangement appellant was to surrender the cotton seed to Watson. There were two trade acceptances under this agreement given, totaling $6,200, which appellee paid, and the third acceptance, being the one involved in this litigation, for $3,700, was given October 28th, and when presented appellee bank refused to pay it. Thereafter on November 17th, the appellee and appellant had a conference with reference thereto, and appellee agreed to release appellant from all liability by reason of being the drawer and indorser on the trade acceptance, if appellant would purchase 4,000 bushels of the cotton seed on which appellee held the mortgage at $1.60 a bushel, which was in excess of the regular price of the cotton seed, and pay the $6,400 to appellee bank; the bank agreeing in consideration therefor, that appellant would be released of all further liability and that it would look alone to Watson and to the remainder of the cotton seed on which it held the mortgage for payment of said trade acceptance, and at said time appellee did honor said trade acceptance and paid to appellant the amount called for therein.

[1, 2] If the contract was made between appellant and appellee on November 17th, as alleged, and by virtue thereof appellant purchased and paid for the 4,000 bushels of cotton seed at more than its market value, and released its equitable, possessory lien on the remainder of the cotton seed, it was sufficient consideration to bind appellee. Hall v. Wichita State Bank & Trust Co., supra. The contract as alleged is not such as is prohibited by the statute of frauds. It was a new contract, made by the parties for their mutual benefit and for mutual considerations passing between the parties thereto.

[3] The allegations of appellant's answer further show that the appellee received from the Southland Cotton Oil Company sufficient funds derived from the sale of the mortgaged cotton seed with which to fully pay and satisfy all the trade acceptances given by Watson, including the one sued on herein, and if appellee, as appellant alleged, had agreed to use said funds to pay said trade acceptances, it was obligated so to do, and if such agreement and the facts thereunder can be established, the appellee should be required to apply said funds to the payment of the trade acceptance sued on; it being appellee's duty under said agreement to so apply said funds. Goldstein v. Union Nat. Bank of Dallas, 109 Tex. 555, 213 S. W. 584; Id. (Tex. Civ. App.) 216 S. W. 409; Commonwealth Nat. Bank v. Goldstein (Tex. Civ. App.) 261 S. W. 539; Edwards v. City National Bank, 83 Okl. 204, 201 P. 233.

Appellant's answer gave in full detail a history of the entire transaction and dealings between it, appellee, and Watson and in the respects herein indicated we are of the opinion that it stated good defenses to appellee's cause of action, and the trial court committed error in sustaining appellee's exceptions to appellant's answer.

The judgment of the trial court is reversed and the cause remanded.