[No. 21843. Department Two. July 11, 1929.]

JOHN M. MORLAR, *Appellant*, v. RICHARD W. SCHULTZ et al., *Respondents.*[1]

*J. H. Jahnke,* for appellant.
*Welsh & Welsh,* for respondents.

MAIN, J.—This action is based upon a promissory note. The defendants denied liability, and affirmatively pleaded payment. The cause was tried to the court without a jury, and resulted in findings of fact

[1] Reported in 279 Pac. 105.

and conclusions of law denying a recovery. From the judgment entered dismissing the action, the plaintiff appeals.

June 30, 1922, the respondents, Richard M. Schultz and Bertha Schultz, his wife, signed a note for $2,860, with interest at the rate of six per cent per annum, payable to John M. Morlar, the appellant. This note was secured by a third mortgage upon real estate in Pacific county. The first mortgage thereon was held by the First National Bank of Bellingham. During the latter part of the year 1926, the bank desired, for reasons not here material, to secure a release of the second and third mortgages. In pursuance of this desire, a representative of the bank communicated with the appellant, and later with his attorney. Negotiations took place between the attorney and a representative of the bank, and it was finally agreed that the release would be executed in consideration of the payment of $150. The release was prepared by the representative of the bank, using a printed form which recited that the debt, as well as the lien of the mortgage, was released and discharged. The release and a bank draft for $150 were sent to the attorney for the appellant. The attorney struck from the release the portion satisfying the debt, and wrote therein in typewriting the following: "but no part of the debt heretofore secured by said mortgage shall be discharged hereby." Thereafter, the release was signed by the appellant and returned to the agent of the bank, who, at or about the time of recording it, became aware that the typewritten portion had been placed therein. The note was not surrendered, and no demand was made for such surrender. The matter remained in this condition until the present action was instituted in June, 1928.

The respondents claim that the intention was that

the $150 was compensation for the satisfaction, not only of the lien of the mortgage, but also the debt evidenced by the note. The appellant says that the understanding was that the lien of the mortgage alone was to be released for the $150.

■ Rem. Comp. Stat., § 3512, provides:

"The holder may expressly renounce his rights against any party to the instrument, before, at, or after its maturity. An absolute and unconditional renunciation of his rights against the principal debtor made at or after the maturity of the instrument discharges the instrument. But a renunciation does not affect the rights of a holder in due course without notice. A renunciation must be in writing, unless the instrument is delivered up to the person primarily liable thereon."

In *Baldwin v. Daly*, 41 Wash. 416, 83 Pac. 724, the court, with reference to this statute, said:

"This plainly provides that the renunciation of a debt must be in writing where the debt is evidenced by a negotiable instrument, and if 'renunciation' is used therein in the sense of 'release,' there can be no question that the appellant must show a written renunciation in order to prove the allegations of his answer. Counsel for appellant argues that the word is used in a sense different from that of release, and that while a renunciation must be by a writing, a release may be proved by parol. But we cannot think the statute permits of this distinction. The words, 'The holder may expressly renounce his rights against any party to the instrument,' must refer to the release and discharge of a party to the instrument from his obligation to pay it, else they can have no legitimate meaning."

■ In the case now before us, there was no release in writing, and the note was not surrendered. As pointed out, the release expressly provided that the debt was not discharged. The respondents did not seek to have the release reformed on the ground that there had been a mutual mistake. The release not

**54**

covering the discharge of the debt, but expressly pro-
viding otherwise, and the note not having been sur-
rendered, the release of the mortgage lien alone did
not discharge the debt evidenced by the note.

The judgment will be reversed, and the cause re-
manded with direction to the superior court to enter
a judgment in favor of the appellant.

MILLARD, PARKER, FRENCH, and TOLMAN, JJ., concur.