HAZLEHURST OIL MILL & FERTILIZER CO. *v.* BOOZE ET AL.

(Division A. March 16, 1931.)

[133 So. 120. No. 28911.]

.W. S. Henley and Webster Millsaps, both of Hazlehurst, and Moody & Johnson, of Indianola, for appellant.

Shands, **Elmore** & **Causey**, of Cleveland, for appellees.

**Smith, C. J.,** delivered the opinion of the court.

The appellant sued the appellee on two promissory notes for one thousand and fifteen hundred dollars respectively, executed by the Farmers' Co-operative Mercantile Company, payable to the appellant, and indorsed by Eugene P. Booze, Isaiah T. Montgomery and M. R. Montgomery. The Montgomerys died before the suit was begun. The appellees, defendants in the court below, are Eugene P. Booze individually, and as administrator of the estates of both of the Montgomerys, and Mary C. Booze. The last named is a daughter of the Montgomerys, who were husband and wife, and who had purchased certain property belonging to their estate, assuming their debts as part of the consideration therefor. The Farmers' Co-operative Mercantile Company was adjudged a bankrupt prior to the institution of the suit. After the execution of these notes other money was advanced to the Farmers' Co-operative Mercantile

Company by the appellant, and while these advances were being made, a promissory note payable to the Farmers' Co-operative Mercantile Company, secured by a deed of trust on real property, was assigned by that company to the appellant as security for the two notes and the additional money that was being advanced.

This collateral note was surrendered by the appellant to the makers thereof, who then executed another for a smaller amount, secured by a deed of trust on the same property, payable to the Booze Mercantile Company, which was indorsed by the payee and by E. P. Booze, and delivered to the appellant as security for the hereinbefore mentioned debts. There is a conflict in the evidence relative to the agreement on which this transaction was based, but the court below was warranted in believing that included in the agreement was an oral release by the appellant of the two Montgomery estates, of which E. P. Booze is administrator, from liability on the two notes here sued on.

The deed of trust securing the collateral note was foreclosed, and the money derived therefrom was applied by the appellant to the payment of the debt due it by the Farmers' Co-operative Mercantile Company for money loaned it, in addition to that evidenced by the two notes here sued on.

The appellant invokes section 122, Negotiable Instruments Law, being section 2778 of the Code of 1930, under which it claims that the release of the Montgomerys' liability on the two notes, if made, is void.

Clause 4 of section 119, Negotiable Instruments Law, being clause 4 of section 2775 of the Code of 1930, provides that "a negotiable instrument is discharged; . . . (4) By any . . . act which will discharge a simple contract for the payment of money."

Under this section, which but announces a rule of the common law, an oral release of liability on a promissory

note for a consideration is valid, though not in writing, and without the instrument being delivered up to the persons liable thereon, unless the requirements of section 122, Negotiable Instruments Law, section 2778 of the Code of 1930, applies thereto. This section provides that: "The holder may expressly renounce his rights against any party to the instrument, before, at or after its maturity. An absolute and unconditional renunciation of his rights against the principal debtor made at or after the maturity of the instrument discharges the instrument. But a renunciation does not affect the rights of a holder in due course without notice. A renunciation must be in writing, unless the instrument is delivered up to the person primarily liable thereon.''

This section has given the court considerable trouble, and the decisions thereon are in conflict. The history of the section seems to indicate that the word "renounce" therein means "release without consideration." That history, as will appear from 3 Williston on Contracts, section 1832, and several of the decisions hereinafter cited, is this: In Foster v. Dawber, 6 Exch. 839, the court held that liability on a negotiable instrument could be discharged by an oral release, though without consideration. This rule was never accepted in America, and in England was not understood to apply to other simple contracts.

The English Bill of Exchange Act codified in the main the common law as to bills of exchange; but section 62 thereof, after providing for the renunciation of liability on a promissory note, provides that, 'The renunication must be in writing, unless the bill is delivered up to the acceptor.'' "Renunication" there means "the discharge of the bill by accord without satisfaction.'' Northern Crown Bank v. International Electric Co., 24 Ont. L. Rep. 57, Ann. Cas 1912A, 474; McGlynn v. Granstrom, 169 Minn. 164, 210 N. W. 892. This section of the English Bill of Exchange Act was copied in the drafting of our Negotia-

ble Instruments Law, and, it would seem, the same meaning should be given it here as there. This is evidently Mr. Williston's opinion of the meaning of the section; for in note 67 to section 1834 of the third volume of his work on Contracts he says:

"In Baldwin v. Daly, 41 Wash. 416, 83 P. 724, it was held that under the Negotiable Instruments Law an oral discharge supported by consideration was ineffectual, the court regarding the statute as requiring every discharge to be in writing. But this is clearly unsound."

Among the cases in accord herewith are McGlynn v. Granstrom, supra; Jones v. Wettlin, 39 Wyo. 331, 271 P. 217, 69 A. L. R. 840; Gorin v. Wiley, 215 Ill. App. 541; Henson v. Henson, 151 Tenn. 137, 268 S. W. 378, 37 A. L. R. 1131; Hall v. Wichita State Bank & Trust Co. (Tex. Civ. App.), 254 S. W. 1036; Lockhart State Bank v. Baker (Tex. Civ. App.), 264 S. W. 566; Forreston Gin Co. v. Waxahachie Nat. Bank (Tex. Civ. App.), 271 S. W. 290. Among the cases contra are Baldwin v. Daly, 41 Wash. 416, 83 P. 724; Pitt v. Little, 58 Wash. 355, 108 P. 941; Whitcomb v. Nat. Exc. Bank, 123 Md. 612, 91 A. 689; Engle v. Brown, 202 Mo. App. 345, 261 S. W. 541.

In Bass v. Boeries, 116 Miss. 419, 77 So. 189, and Yazoo Delta Mort. Co. v. Harlow, 150 Miss. 105, 116 So. 441, oral releases from liability on promissory notes for a consideration were held valid; but as section 122, Negotiable Instruments Law, section 2778 of the Code of 1930, was not invoked by counsel, or referred to by the court, we have examined the question without reference thereto.

Counsel for the appellant say that a judgment should have been rendered against Eugene P. Booze; but an examination of the original bill disclosed that it did not pray for a judgment against him.

Affirmed.