PATTERSON, Chief Justice, for the Court:
Following a jury trial in the Circuit Court of Madison County upon a promissory note, judgment was entered in accord with the jury verdict for the defendant/guarantor. Plaintiff, holder of the note, appeals, assigning as error the refusal of the trial court to instruct the jury that an oral agreement supported by consideration between the guarantor of a negotiable instrument and the holder cannot defeat that holder’s right to enforce the instrument.
*232 Langston, appellee, was the President of Air-Charter, Inc. In consideration of Bran-non’s $10,000 loan to the corporation, Lang-ston, as president of the corporation, executed a promissory note for $10,000, payable upon demand, with interest, and endorsed it as guarantor in his individual capacity. During trial, Brannon denied that he had ever marked the note paid, surrendered it, cancelled it, or entered into any agreement to cancel it. The corporation, principal obli-gor on the note, became insolvent, and Brannon, holder, sought payment from Langston in his individual capacity as guarantor.
Langston admits lending his name to the instrument and further admits the note was never surrendered to him, cancelled in writing, or marked paid. He nevertheless contends his obligation on it was discharged through an oral agreement of Brannon and himself. The consideration supporting the agreement, according to Langston, was his transfer of 700 shares of Air-Charter stock for Brannon’s benefit in exchange for Bran-non’s promise to discharge his liability on the note and to give him the use of a truck and an airplane.
The jury accepted Langston’s version of the facts and, in view of the choices available from the conflicting testimony, we cannot state the verdict is contrary to the overwhelming weight of the evidence. See Capital Transport Co. v. McDuff, 219 So.2d 658 (Miss.1975); Travelers Indemnity Co. v. Rawson, 222 So.2d 131 (Miss.1969); Lewis Grocery Co. v. Blackwell, 209 So.2d 639 (Miss.1968). The remaining question is whether an oral agreement to discharge a party to a negotiable instrument may be given effect as between the parties to that agreement when the agreement is found to be supported by consideration.
Appellant argues that Mississippi Code Annotated section 75-3-605 (1972)[1] sets forth exclusive methods for the cancellation of a negotiable instrument. We agree that one of the methods enumerated in that section must be observed when the putative cancellation is unsupported by consideration. However, when cancellation or discharge is found to be supported by consideration flowing to the very party seeking to enforce the instrument, as here, other sections of Article Three of the Uniform Commercial Code must be considered.
Appellant does not take into account that a holder in due course takes an instrument subject to all defenses of any party with whom he has dealt. Miss.Code Ann. § 75-3-305(2) (1972). He also apparently overlooks Mississippi Code Annotated section 75-3-601(2) (1972), which states in part:
(2) Any party is also discharged from his liability on an instrument to another party by any other act or agreement with such party which would discharge his simple contract for the payment of money-
We find support for this position in Hazlehurst Oil Mill & Fertilizer Co. v. Booze, 160 Miss. 136, 133 So. 120 (1931), which, although decided under the Negotiable Instruments Law, is the forerunner of Section 75-3-601(2). We also find Brunswick Corp. v. Briscoe, 523 S.W.2d 115 (Mo.Ct.App.1975), persuasive.
Nothing in this opinion is to be considered as in any way affecting the rights of a holder in due course.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.

. § 75-3-605. Cancellation and renunciation.
(1) The holder of an instrument may even without consideration discharge any party
(a) in any manner apparent on the face of the instrument or the indorsement, as by intentionally cancelling the instrument or the party’s signature by destruction or mutilation, or by striking out the party’s signature; or
(b) by renouncing his rights by a writing signed and delivered or by surrender of the instrument to the party to be discharged.
(2) Neither cancellation nor renunciation without surrender of the instrument affects the title thereto.